OPINION
SLOVITER, Circuit Judge.
Appellant Ronald Lynch and James Kosa were partners in a business providing marketing and advertising services. The relationship disintegrated and Kosa sued Lynch in state court seeking dissolution of the partnership, an accounting, and related relief. Lynch removed the case to federal court based on diversity of citizenship. The matter was submitted to a jury, which found for Kosa in the amount of $78,062; judgment was entered on July 25, 2005.
Lynch filed a motion under Federal Rule of Civil Procedure 50(b) for judgment as a matter of law but failed to prosecute timely and the District Court dismissed the motion in an order entered September 1, 2005.[1] Lynch then appealed to this court which, on September 28, 2006, dismissed the appeal for Lynch’s failure to timely file a brief.[2] On April 14, 2008, the District Coui*t entered an order directing satisfaction of the judgment entered in favor of Kosa, as well as related costs and interest, out of certain funds held in escrow for that purpose. Although that is the order on appeal, Lynch does not challenge that order, but rather raises a number of claims attacking the underlying judgment.
Lynch is essentially seeking a second bite at the apple, but the time for raising any challenges to the underlying judgment has clearly passed under Federal Rule of Appellate Procedure 4. Lynch raises no challenges specific to the District Court’s April 14, 2008, order enforcing the judgment, and we see no reason to set it aside.
For the above-stated reasons, we will affirm the order of the District Court.

. Local Rule of Civil Procedure 7.1(e) of the Eastern District of Pennsylvania provides that a post-trial motion may be dismissed for lack of prosecution if the movant fails to order a transcript of the trial, or file a motion showing good cause to be exempted from that requirement, within fourteen days after filing the motion.

. Pursuant to the local rules of this court, an appeal may be dismissed when the appellant, after receiving notice from the clerk, fails to timely correct a defect in the appeal under the Federal Rules of Appellate Procedure or our Rules. See 3d Cir. R. 107.2.